# Martin M. Gross, Defendant in Error, v. Lake Shore & Michigan Southern Railway Company and New York Central Railroad Company, Plaintiffs in Error.

## Gen. No. 23,095.

**1.** WORKMEN'S COMPENSATION ACT—*attorney's lien upon lump sum payment under Indiana act.* Under the Indiana Workmen's Compensation Act, an attorney's lien cannot attach to a lump sum payment made under the act by an employer operating thereunder and accepted thereunder by the employee, even though such payment was not approved by the Industrial Board of Indiana.

**2.** WORKMEN'S COMPENSATION ACT—*right of attorney claiming lien on lump sum payment to object that payment not approved by board.* An attorney claiming a lien on a lump sum payment made and accepted under the Indiana Workmen's Compensation Act cannot object that the payment was not approved by the Industrial Board of Indiana.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed. Opinion filed January 31, 1918.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

GLENNON, CARY, WALKER & HOWE, for plaintiffs in error.

HENRY POLLENZ, for defendant in error.

MR. JUSTICE MCDONALD delivered the opinion of the court.

By this writ of error it is sought to reverse a judgment entered in favor of the defendant in error, plaintiff below. The action was brought under section 55 of the Lien Act, ch. 82, Rev. St. of Illinois for 1915-16 (J. & A. ¶ 611), on an alleged attorney's lien.

On February 4, 1916, one Zafirates, an employee of the defendants, was injured in the course of his employment while unloading coal from a car in defendants' yards at Elkhart, Indiana. On March 29th, the said Zafirates and defendants entered into a settlement agreement whereby, in consideration of the payment of certain sums therein mentioned, the said Zafirates released defendants from all liability on account of said injuries. On April 15th of the same year, by written agreement, he engaged plaintiff, an attorney of Chicago, to prosecute his said claim for damages against defendants, plaintiff's fee being therein fixed at a sum equal to 50 per cent. of any amount which said Zafirates might recover on said claim. On May 17th plaintiff notified defendants of this agreement and of the fact that by virtue thereof he claimed an attorney's lien on any amount thereafter paid the said Zafirates on his said claim for damages. On June 26th, defendants and the said Zafirates executed another agreement, pursuant to which defendants paid him an additional $1,000 as final settlement of his claim for damages under the Indiana Workman's Compensation Act.

Section 43 of the said Compensation Act provides that whenever any weekly payment has been continued for not less than 26 weeks, the liability therefor may

in unusual cases, where the parties agree and the Industrial Board deems it to be for the best interest of the employee or his dependents, be redeemed by the payment, in whole or in part, by the employer, of a lump sum which shall be fixed by the Board. Section 17 of the same statute provides that all compensation, and claims therefor, shall be exempt from all claims of creditors; section 65 thereof requires that fees of attorneys, etc., shall be subject to the approval of the Industrial Board. It is apparent from the latter two sections that if the said payment of $1,000 was made under the provisions of the said Compensation Act, plaintiff would have no lien thereon for his fee, for the reasons, (1) that the act expressly bars such lien, and (2) that plaintiff's fee was not approved by the Industrial Board of Indiana. Plaintiff contends, however, that said lump sum payment cannot be classed as a settlement under the said act because it was never approved by the Industrial Board, and that hence his lien attached thereto.

The settlement agreement of June 26th between defendants and the said Zafirates expressly recited that the said sum of $1,000 was paid under and by virtue of the said Compensation Act, and there is no evidence in the record to rebut this recital. The fact that this lump sum payment was not approved by the Industrial Board of Indiana can be taken advantage of only by the said Zafirates, and the only question that he could raise would be with reference to the sufficiency of the amount paid as compensation for the injuries sustained. If, upon investigation, the Industrial Board found the amount paid was insufficient, an additional award could be made, but this would not change the fact, as recited in the settlement agreement, that the lump sum already paid was under the said Compensation Act.

It appears from the settlement agreement in question that the said Zafirates and the defendants had

elected to operate under the Indiana Workmen's Compensation Act, and that the payment in question was made and accepted thereunder; and inasmuch as no attorney's lien can attach to any payment made thereunder, the court erred in finding the issues for the plaintiff. Accordingly the judgment will be reversed.

*Reversed.*